```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF PUERTO RICO
```

CARACAS INTERNATIONAL BANKING
CORPORATION,

   **Plaintiff**,

          **v.**                    CIVIL NO. 09-2129 (FAB)

UNITED STATES, et al.,

   **Defendants**.

**OPINION & ORDER**

BESOSA, District Judge

The United States and the Drug Enforcement Administration (collectively "the government") have requested that this independent action for return of property pursuant to Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)") be dismissed. (See Docket No. 17 at 5)  Having considered the arguments contained in the parties' memoranda of law, the Court **GRANTS** the government's request because plaintiff's challenges to government seizure of property should properly be brought in a pending civil forfeiture proceeding.

**DISCUSSION**

**I.   Background**

On November 4, 2009, plaintiff Caracas International Banking Corporation ("Caracas") filed a petition requesting the return of property pursuant to Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)") and injunctive relief including a temporary

Civil No. 09-2129 (FAB)                                                  2

restraining order ("TRO") and a preliminary injunction.[1]  (Docket No. 1)  This petition challenges the validity of warrants obtained by Drug Enforcement Administration ("DEA") agents to seize funds in accounts allegedly pertaining to Caracas.  Id. at ¶¶ 2-12.  Caracas alleges that these warrants authorize the seizure of its funds in accounts held at JP Morgan Chase Manhattan Bank and Standard Chartered Bank in violation of the Fourth Amendment and the Due Process Clause of the Fifth Amendment.  Id. at ¶¶ 4-12.

On November 5, 2009, the Court ordered Caracas to serve summons immediately and file the return of service.  (Docket No. 6)  On the same date, the government filed a motion to clarify and compel compliance with seizure warrants.  (Docket No. 11)  In its motion, the government stated that Caracas had not complied with the seizure warrants at issue in this case and requested that the court order Caracas to turn over the property described in those warrants.  (Docket No. 11 at ¶¶ 10-11, 15)  On November 6, 2009, the Court denied Caracas's motion for a TRO and stated that the government could proceed with execution of the seizure warrants.

---

[1] The petition requests that the Court order the return of property, quash search and seizure warrants, and grant injunctive relief to prevent government interference with the property identified in those warrants. (See Docket No. 1 at 17; Docket No. 1-7)  Although Caracas styles this action as requesting multiple forms of relief, it is essentially a motion pursuant to Rule 41(g). See Imperial Distributors, Inc. v. United States, 617 F.2d 892, 895 (1st Cir. 1980) (finding motion requesting that a court quash warrants, suppress evidence, and return property to be governed by Federal Rule of Criminal Procedure 41(e), now Rule 41(g)).

Civil No. 09-2129 (FAB)                                                3

(Docket No. 15)  The Court further ordered the parties to file memoranda no later than November 9, 2009 regarding any existing forfeiture litigation and the request for return of property pursuant to Rule 41(g).  Id.

On November 9, 2009, both Caracas and the government filed memoranda in compliance with the Court's order.  (Docket Nos. 16 & 17)  In its memorandum, the government requests that this action be dismissed because a civil forfeiture proceeding is pending in this district with regard to the property Caracas seeks to recover through its Rule 41(g) motion.  (Docket No. 17 at 5)[2]  The government argues that the pending civil forfeiture proceeding is the appropriate forum for Caracas's claims.  Id.  The government later informed the Court that it filed a sealed civil forfeiture complaint on November 9, 2009, in United States v. All Funds from

---

[2] Although Local Rule 7.1 typically allows nonmoving parties ten days to respond to a motion to dismiss, the sensitive time constraints of this action have prompted the Court to rule on the government's request for dismissal without delay. Furthermore, the swift resolution of the government's request is mitigated by the court's duty to dismiss an action if it "determines at any time that it lacks subject matter jurisdiction."  See Fed.R.Civ.P. 12(h)(3); Francis v. Goodman, 81 F.3d 5, 8 (1st Cir. 1996).  It should also be noted that Caracas included a brief reply to the government's assertion regarding the pending civil forfeiture proceeding in a subsequent request for reconsideration. (Docket No. 18 at ¶¶ 2-7)

Civil No. 09-2129 (FAB)                                                 4

Caracas Int'l Banking Corp. Accounts, et al., 09-2151 (ADC). (Docket No. 19 at ¶ 3)[3]

## II. Legal Analysis

### A.   Standard under Rule 12(b)(1)[4]

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) ("Rule 12(b)(1)"), a defendant may move to dismiss an action for lack of subject matter jurisdiction.  "As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555 F.Supp.2d 321, 323 (D.P.R. 2008) (citing Alicea-Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. 1998)).  Because federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction.  See Murphy v. United States, 45 F. 3d 520, 522 (1st

---

[3] The Court has examined the civil forfeiture complaint in United States v. All Funds from Caracas Int'l Banking Corp. Accounts, et al., 09-2151 (ADC).  Because the civil forfeiture proceeding is sealed, the Court declines to discuss any contents of that complaint beyond those disclosed by the government through its filings in this action.

[4] The government's memorandum requests dismissal of this independent action because a pending civil forfeiture proceeding is the appropriate forum. (Docket No. 17 at 5)  The Court reads this request as challenging subject matter jurisdiction over plaintiff's petition. As discussed below, other courts have treated the viability of an independent Rule 41(g) motion in the face of pending civil forfeiture proceeding as a jurisdictional issue. See, e.g., United States v. Hernandez, 911 F.2d 981, 983 (5th Cir. 1990).

Cir. 1995) *cert. denied*, 515 U.S. 1144 (1995); Droz-Serrano v. Caribbean Records Inc., 270 F.Supp.2d 217 (D.P.R. 2003).

When the factual basis for subject matter jurisdiction is not disputed, the moving party challenges jurisdiction based on the allegations in the complaint. See Valentin, 254 F.3d at 363; Mercado-Arocho, 455 F.Supp.2d at 18; Rivera de Leon, 283 F.Supp.2d at 554. Thus, "the court must consider all the allegations in the complaint as true, and will not look beyond the face of the complaint to determine jurisdiction." Mercado-Arocho, 455 F.Supp.2d at 18. Such a facial challenge only requires a court to examine the complaint and determine whether the plaintiff "'has sufficiently alleged a basis of subject matter jurisdiction.'" Torres-Negron, 504 F.3d at 162 (1st Cir. 2007) (quoting Scarfo v. Ginsburg, 175 F.3d 957, 960 (11th Cir. 1999)); see e.g., Fina Air Inc., 555 F.Supp.2d at 325-28 (examining a facial challenge and applying the standard articulated in Torres-Negron). A court "may augment the facts in the complaint by reference to '(i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice.'" Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008) (quoting Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006)); Cintron-Luna v. Roman-Bultron, ___ F.Supp.2d ___, 2009 WL 3805702 at *1 (D.P.R. October 22, 2009).

### B.   Viability of an Independent Action under Rule 41(g)

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Although it is possible to pursue relief under Rule 41(g) through an independent action, such an action is generally precluded by the existence of parallel civil forfeiture proceedings. See, e.g., Rosevita Charter Constr. Corp. v. United States, 787 F.Supp.39, 43-44 (D.P.R. 1992). Several courts have held that a pending civil forfeiture action, rather than an independent Rule 41(g) motion, is the proper forum to address issues related to government seizure of property.  See Rosevita Charter Constr. Corp., 787 F.Supp. at 43; De Almeida v. United States, 459 F.3d 377, 382 (2d Cir. 2006); Hernandez, 911 F.2d at 983; United States v. Price, 914 F.2d 1507, 1511 (D.C. Cir. 1990); Shaw v. United States, 891 F.2d 602, 603 (6th Cir. 1989); United States v. Castro, 883 F.2d 1018, 1019 (11th Cir. 1989); United States v. U.S. Currency $83,310.78, 851 F.2d 1231, 1235 (9th Cir. 1988).

Some of those courts hold that once a civil forfeiture proceeding has begun, Federal Rule of Criminal Procedure 1(a)(5)(B) ("Rule 1(a)(5)(B)"), formerly Federal Rule of Criminal Procedure 54(b)(5), removes the basis for jurisdiction over an independent Rule 41(g) motion.  See, e.g., Hernandez, 911 F.2d at 983.  Rule 1(a)(5)(B) states that the Federal Rules of Criminal Procedure are

Civil No. 09-2129 (FAB)                                                7
_____

not applicable to "a civil property forfeiture for violating a federal statute."  Given this limitation on the scope of the Federal Rules of Criminal Procedure, it appears that once a civil forfeiture proceeding commences, the Federal Rules of Criminal Procedure, including Rule 41(g), become inapplicable.  See Hernandez, 911 F.2d at 983; Price, 914 F.2d at 1511 (holding that failure to challenge forfeiture proceedings did not provide a district court with "continuing jurisdiction" over an independent motion for return of property); U.S. Currency $83,310.78, 851 F.2d at 1233.

     In its petition for relief pursuant to Rule 41(g), Caracas alleges constitutional violations stemming from the government's seizure of funds from its accounts.  (Docket No. 1 at 13-14, 17)  The government filed a civil forfeiture complaint in United States v. All Funds from Caracas Int'l Banking Corp. Accounts, et al., 09-2151 (ADC), only five days after Caracas filed its petition for relief pursuant to Rule 41(g).  (See Docket Nos. 2, 17, & 19)  In that complaint, the government seeks the forfeiture of the same funds identified in Caracas's petition.  (See Docket No. 19 at ¶ 3)  Given the prompt filing of the civil forfeiture complaint for the same property alleged in Caracas's petition, it appears that any constitutional challenges to the government's alleged seizure of funds are beyond the scope of the Federal Rules of Criminal Procedure.  See Hernandez, 911 F.2d at

Civil No. 09-2129 (FAB)                                              8

983; Price, 914 F.2d at 1511; U.S. Currency $83,310.78, 851 F.2d at 1233.  Therefore, an independent Rule 41(g) motion is no longer viable and the pending forfeiture proceeding constitutes the proper forum for those challenges.  See id.; Rosevita Charter Constr. Corp., 787 F.Supp. at 43-44.

Even if Rule 1(a)(5)(B) does not remove the jurisdictional basis for an independent Rule 41(g) motion, the existence of a pending forfeiture proceeding "affect[s] a trial court's discretion to grant or retain [Rule 41(g)] equitable jurisdiction."  See Floyd v. United States, 860 F.2d 999, 1008 (10th Cir. 1988) (stating that a court may dismiss a motion for return of property when a forfeiture proceeding is commenced without significant delay); De Almeida, 459 F.3d at 382; Shaw, 891 F.2d at 603; U.S. Currency $83,310.78, 851 F.2d at 1235; In the Matter of Ninety-One Thousand Dollars in U.S. Currency, 715 F.Supp. 423, 434 (D.R.I. 1989).[5]  Motions pursuant to Rule 41(g) "are treated with caution and restraint, and the motion will be dismissed for want of equity if the moving party has an adequate remedy otherwise or if he cannot show irreparable injury."  3A

---

[5] In Floyd v. United States, 860 F.2d 999, 1008 (10th Cir. 1988), the Tenth Circuit affirmed a district court's exercise of equitable jurisdiction over an independent motion for return of property pursuant to Federal Rule of Criminal Procedure 41(e), now Rule 41(g). Unlike the prompt filing of a civil forfeiture complaint in this case, however, the parallel civil forfeiture proceeding in Floyd was filed two months after the independent Rule 41(g) motion.

Civil No. 09-2129 (FAB)                                                 9
---

CHARLES A. WRIGHT, NANCY J. KING AND SUSAN R. KLEIN, FEDERAL PRACTICE AND PROCEDURE § 673 (3d ed. 2004); De Almeida, 459 F.3d at 382. Furthermore, courts have taken into consideration the possibility of duplicative litigation when considering whether to exercise equitable jurisdiction over an independent Rule 41(g) motion where a parallel civil forfeiture proceeding exists. See Floyd, 860 F.2d at 1008; In the Matter of Ninety-One Thousand Dollars in U.S. Currency, 715 F.Supp. at 434.

Civil forfeiture proceedings have been found to provide an adequate remedy at law for matters raised in motions filed pursuant to Rule 41(g). See De Almeida, 459 F.3d at 382; U.S. Currency $83,310.78, 851 F.2d at 1235; Shaw, 891 F.2d at 603. Given that it provides this adequate remedy, a pending civil forfeiture proceeding undermines the foundation for any equitable relief through an independent Rule 41(g) motion. See id.; see also, One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 696 (1965) (holding that the Fourth Amendment's exclusionary rule applies in civil forfeiture proceedings); United States v. TWP 17 R 4, Certain Real Property in Me., 970 F.2d 984, 989-990 (1st Cir. 1992) (addressing Fifth Amendment due process challenge in civil forfeiture context); United States v. $572,204 in U.S. Currency, More or Less, 606 F.Supp.2d 153, 155-56 (D.Mass. 2009) (discussing Fourth Amendment challenges to seizure of property in civil forfeiture proceedings) (citing United States v. $50,040 in U.S.

Civil No. 09-2129 (FAB)                                              10

Currency, No. C 06-04552, 2007 WL 1176631 at *3 (N.D.Cal. April 20, 2007); United States v. $78,850 in U.S. Currency, 444 F.Supp.2d 630, 635-37 (D.S.C. 2006)).

The procedural circumstances of Caracas's independent Rule 41(g) motion do not favor exercising equitable jurisdiction. The existence of a parallel civil forfeiture proceeding with regard to the funds seized by the government came to light shortly after the filing of this action.  (See Docket Nos. 2, 17, & 19)  In that parallel proceeding, Caracas will be able to seek adequate remedies for alleged Fourth and Fifth Amendment violations.  See U.S. Currency $83,310.78, 851 F.2d at 1235; Shaw, 891 F.2d at 603; TWP 17 R 4, Certain Real Property in Me., 970 F.2d at 989-990. Further, dismissal of this case in favor of the pending civil forfeiture proceeding would avoid duplicative litigation over Fourth and Fifth Amendment issues raised by Caracas.  See Floyd, 860 F.2d at 1008; In the Matter of Ninety-One Thousand Dollars in U.S. Currency, 715 F.Supp. at 434.  Therefore, there does not appear to be an equitable basis for maintaining an independent Rule 41(g) action.  See U.S. Currency $83,310.78, 851 F.2d at 1235; Shaw, 891 F.2d at 603.

## CONCLUSION

For the reasons expressed above, the Court **GRANTS** the government's request, (Docket No. 17 at 5), and **DISMISSES** this action.  Given that this case has been dismissed as an

Civil No. 09-2129 (FAB)                                                       11

inappropriate vehicle for plaintiff's challenges to the government's seizure of property, the motions for reconsideration regarding plaintiff's request for a temporary restraining order, (Docket Nos. 14 & 18), are **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 20, 2009.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE